UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

             Plaintiff,

v.

HARRIS JAMES MAYS,

             Defendant.
_____/

CR. NO. 23-20521

HON. MARK A. GOLDSMITH

## MOTION TO AMEND/MODIFY BOND CONDITIONS

    Defendant, Harris Mays, through counsel Andrew Densemo, of the Federal Community Defender Office asks that this Honorable Court modify some of the conditions of his pre-trial release, pursuant to 18 U.S.C. 3145(a)(2). In support of his motion, he states the following:

    1.    Mr. Mays was initially charged in a two count complaint with Felon in Possession of a Firearm and Ammunition.

    2.    A detention hearing was scheduled for April 6, 2023. As the hearing began the government indicated it wanted to combine the detention hearing with the preliminary examination. It was permitted to do so. The government called Agent Brady Reese to testify to establish probable cause.

1

3. At the conclusion of Agent's Reese's testimony, defense counsel argued that the government had not established the elements necessary to a finding of probable cause.

4. The government stated that it had forgotten to have its witness testify to a necessary element. It asked the Court for permission to recall the witness so that it could elicit testimony on the contested issues.

5. The Court ordered a continuance of the preliminary examination due to the government's unexpected request to combine the examination with the detention hearing and for the parties to more fully prepare for the issues raised during the hearing. Mr. Mays was ordered detained pending the preliminary examination.

6. On April 13, 2023, the continued preliminary examination was conducted.

7. At the conclusion of Agent Reese's testimony, the government withdrew its request to find probable cause as to any firearms. The government indicated that it was proceeding only as to the felon in possession of ammunition allegations.

8. The Court dismissed the complaint for lack of probable cause. The Court's Order dismissing the complaint was entered on April 13, 2023.

9. Mr. Harris was discharged from custody as a result of the dismissal of the complaint. He remained at liberty for five months until the filing of the indictment on September 13, 2023.

10. After the complaint had been dismissed, defense counsel asked the U.S. Attorney for notification if an indictment was obtained against Mr. Mays so that he could voluntarily appear at the arraignment. The government's attorney agreed to do so.

11. After five months, as he indicated he would do, government counsel notified defense counsel that Mr. Mays had been indicted. The parties agreed upon a date and time for Mr. Mays to voluntarily appear at the arraignment and to turn himself in to be re-processed (fingerprints and photo ID) by the U.S. Marshals.

12. Mr. Mays arrived as scheduled at the Marshals' office and was processed on the new indictment, which contained the single charged of possession of ammunition.

13. During the period between the dismissal of the complaint and the filing of the indictment, Mr. Mays remained in the state of Michigan. He contacted defense counsel monthly to determine if there were any new developments he should be aware of.

14. Mr. Mays enrolled in vocational training, obtain verifiable employment, maintained an established residence and was not involved in any conduct that resulted in police contact of any kind.

15. Despite all this, following his arraignment, Mr. Mays was placed on overly restrictive bonds conditions which confined him to his home and required him to wear a GPS monitor.

16. Mr. Mays has had every opportunity over the past eight months to flee to avoid prosecution and he did not. He had every opportunity to engage in criminal conduct and he did not. He has engaged in nothing but productive activities since the original complaint was dismissed.

17. Mr. Mays was given the opportunity to prove that restrictive conditions aren't needed to ensure his appearance in court or the safety of the community. He made the most of that opportunity by virtue of the conduct he has exemplified over the past eight months.

18. Mr. Mays' Pretrial Services Officer, who has had the opportunity to observe his conduct over the past eight months, is recommending that his bond conditions be modified to terminate home confinement and to substitute a curfew.

19. We ask this Honorable Court to amend/modify the conditions of Mr. Mays' bond and remove the home confinement and GPS monitoring requirements. Mr. Mays has proven that these conditions aren't necessary. If any restrictive

condition is imposed, we asked that it be a reasonable curfew, which will allow him to further his education and maintain his employment.

20. The defense sought concurrence in its motion, which was denied by the counsel for the Plaintiff.

WHEREFORE, Mr. Mays prays that this Honorable Court will grant his motion to amend/modify his bond conditions.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER
EASTERN DISTRICT OF MICHIGAN**

s/Andrew Densemo
ANDREW DENSEMO (P37583)
Attorney for Harris Mays
613 Abbott Street, Suite 500
Detroit, Michigan 48226
(313) 967-5829
E-mail: andrew_densemo@fd.org

Dated: April 29, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.

HARRIS JAMES MAYS,

          Defendant.
                                                  /

CR. NO. 23-20521

HON. MARK A. GOLDSMITH

## **BRIEF IN SUPPORT OF MOTION TO AMEND/MODIFY BOND CONDITIONS**

### **LEGAL STANDARD**

"In our society, liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Bail Reform Act ("BRA") establishes when to deviate from that norm: only when no "condition or combination of conditions . . . will reasonably assure the appearance of [the accused] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Except when the defendant is charged with a handful of offenses, the government bears the burden to show by a preponderance of the evidence that there is a risk the person will flee or, by clear and convincing evidence, that he is a danger to other people or the community and no condition or

1

combination of conditions will adequately protect them. *Id.* § 3142(e); *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004).

Even when the BRA instructs courts to presume that no combination of conditions will reasonably assure the person's appearance or the safety of the community, the burden of production to rebut the presumption is not heavy. Mr. Mays is not even charged with an offense that carries this presumption. 18 U.S.C. § 3142(e)(3)(A). Even if he had been, he needs only to produce "some evidence that he will not flee or endanger the community if released." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). This "burden of production is not a heavy one." *Id.* Indeed, the presumption of detention is rebutted by "*[a]ny evidence* favorable to a defendant that comes within a category listed in § 3142(g) . . . including evidence of their marital, family and employment status, ties to and role in the community . . . and other types of evidence encompassed in § 3142(g)(2)." *Id.* (emphasis added). Any "evidence of economic and social stability" can rebut the presumption. *Id.* As long as a defendant "come[s] forward with some evidence" pursuant to § 3142(g), the presumption of flight risk and dangerousness is definitively rebutted. *Id.* ("Once this burden of production is met, the presumption is 'rebutted.'") (quoting *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985)). The government bears the burden of persuasion at all times. *Id.*; *Jessup*, 757 F.2d at 384.

2

After the presumption is rebutted, the Court must weigh the presumption against the other evidence about the defendant's history and characteristics that tilts the scale in favor of release. *See Dominguez*, 783 F.2d at 707 ("[T]he rebutted presumption is not erased. Instead it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).").

The factors that Congress has determined to be relevant include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. § 3142(g). Relevant personal characteristics of the accused include: "physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings," and whether the person was on court-ordered supervision at the time of the arrest. *Id.* § 3142(g)(3).

Even if the Court determines under § 3142(c) that an *unsecured* bond is not sufficient, the Court "shall order" release subject to "the least restrictive further conditions" that will "*reasonably assure*" the defendant's appearance in court and the safety of the community. § 3142(c)(1) (emphasis added). Under this statutory scheme, "it is only a 'limited group of offenders' who should be detained pending

trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98-225, at 7 (1984), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3189); *see also United States v. Byrd*, 969 F.2d 106, 110 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors non-detention.").

When a party appeals a magistrate judge's determination regarding pretrial detention pursuant to 18 U.S.C. § 3145(b), the district court gives fresh review to the weighing of these factors. *United States v. Jimenez-Lopez*, No. 18-MJ-30320, 2018 WL 2979692, at *2 (E.D. Mich. June 14, 2018).

## ARGUMENT

Mr. Mays presents sufficient evidence in support of his bond modification request. Additionally, there is little to no evidence that he is a risk of non-appearance in court or clear and convincing evidence that he is a danger to the community such that the overly restrictive bond conditions placed on him are necessary. To the extent the court has concerns about his future appearance or the safety of the community, the conditions recommended by Pretrial Services and the defense can mitigate those risks.

### A. Mr. Mays' Personal History and Characteristics

Mr. Mays is currently working for CB Asphalt Company as a dump truck driver. He works full time, forty hours a week. Prior to working for CB Asphalt, he was employed at Accurate Expediting as a delivery driver. He delivered packages

and bulk goods. The deliveries were made to various companies and individuals, including banks and other secured locations. Mr. Mays has either been employed or enrolled in vocational training while on bond.

Mr. Mays is hardworking and has strong roots in Detroit. Although Mr. Mays has a criminal history, he hasn't been sentenced to a custodial sentence since 2004. He completed parole in 2009, without any violations. He has no mental health history or history of drug addiction, excessive alcohol use or gambling. He's lived at his current address for the past six years with someone he has been involved with for 15 years.

Pretrial Services expresses minimal concern about Mr. Mays, his conduct over the past eight months. His law abiding and productive conduct over the past eight months clearly demonstrate that he has no difficulty conforming to the rules of civil society, even under very restrictive conditions of supervision.

B. **Nature and Circumstances of the Offense**

This Court must presume Mr. Mays is innocent. While the nature of the allegations is serious, the allegations are all nonviolent. The allegations against Mr. Mays are that he possessed ammunition. He was arrested without incident back in April of this year. After he was indicted, he voluntarily appeared for his arraignment.

The potential penalty in this case is not a legitimate basis for finding a serious risk of flight. There is no evidence Congress intended courts to de facto detain any client facing a prison sentence. Indeed, many federal defendants face long sentences—being a defendant in a run-of-the-mill federal case cannot possibly be an "extreme and unusual circumstance." Even at the detention hearing, where the standard for finding risk of flight is lower, Congress did not authorize courts to evaluate potential penalty when considering risk of flight. *See* § 3142(g) (listing as relevant factors the nature and seriousness of the charge, (2) the weight of the evidence against the defendant, and (3) the history and characteristics of the defendant); *Friedman*, 837 F.2d at 50 (in "cases concerning risk of flight, we have required *more* than evidence of the commission of a serious crime and the fact of a potentially long sentence to support finding risk of flight") (emphasis added).

C. **The Weight of the Evidence of Dangerousness**

This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt. *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). Mr. Mays has proven that he is not a danger to the community. He is motivated to continue to his law-abiding conduct. Mr. Mays has never been convicted of an offense where he is accused of using violence against another person. The government may argue that he is potentially dangerous due to unsubstantiated allegations related to the initial investigation of Mr. Mays. These charges have never

6

been born out. Nor were they, when the opportunity presented itself in state court. These unsubstantiated allegations are essentially the reasons for the restrictive conditions being imposed. Even if the Court has concerns about Mr. Mays' "dangerousness", they are ameliorated by the prolonged period of law-abiding conduct Mr. Mays has engaged in over the past several months.

Arrests and dismissed charges are even less probative evidence of Mr. Mays' danger to the community or risk of flight. "[A]n arrest, without more, is quite consistent with innocence," and therefore insufficient to establish any facts by a preponderance of the evidence. *United States v. Johnson*, 648 F.3d 273, 277–78 (5th Cir. 2011). This Court therefore should not consider Mr. Mays' arrest records either when deciding which conditions to impose.

Releasing Mr. Mays on an unsecured bond without unnecessary restrictions such as electronic monitoring and home confinement is warranted based on how responsibly he has conducted himself over the past eight months. He has shown that less restrictive conditions will reasonably assure his appearance and the safety of the community. This is born out by Pretrial Services recommending that the Court modify the conditions of his bond.

## CONCLUSION

This Court should modify the conditions of Mr. Mays' release and terminate the conditions requiring home confinement and GPS monitoring.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER
EASTERN DISTRICT OF MICHIGAN**


s/Andrew Densemo
ANDREW DENSEMO (P37583)
Attorney for Harris Mays
613 Abbott Street, Suite 500
Detroit, Michigan 48226
(313) 967-5829
E-mail:  andrew_densemo@fd.org

Dated:  April 29, 2024

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

HARRIS JAMES MAYS,

                Defendant.
_____/

CR. NO. 23-20521

HON. MARK A. GOLDSMITH

### CERTIFICATE SERVICE

I hereby certify that on April 29, 2024, I electronically filed the foregoing Motion with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

    Terrence Haugabook
    Assistant U.S. Attorney
    211 W. Fort Street, Ste. 2001
    Detroit, Michigan 48226
    terrence.haugabook@usdoj.gov

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**
**EASTERN DISTRICT OF MICHIGAN**

s/Andrew Densemo
ANDREW DENSEMO (P37583)
Attorney for Harris Mays
613 Abbott Street, Suite 500
Detroit, Michigan 48226
(313) 967-5829
E-mail: andrew_densemo@fd.org

Dated: April 29, 2024